**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| ARJANPREET SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03467-MBB |
| | ) | |
| JIM C. ARNOTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Arjanpreet Singh petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing. (**Doc. 1**, p. 2). And he argues that his continued mandatory detention violates the Constitution. (***Id.*** at pp. 9-10). He asks the Court to order the Government to provide a bond hearing or immediately release him. (***Id.*** at p. 10). Because Petitioner's detention does not violate his right to procedural due process or the Administrative Procedure Act (the "APA"), the petition is DENIED.

### Background

Petitioner, a citizen of India, entered the United States illegally in 2024. (**Doc. 1-2**, p. 4). DHS arrested him, initiated removal proceedings, and released him on his own recognizance under 8 U.S.C. § 1226. (***Id.*** at pp. 4, 7). Petitioner filed an application for asylum. (***Id.*** at pp. 9, 38-50). He received employment authorization and worked as a commercial truck driver. (***Id.*** at pp. 32, 34). On June 25, 2026, DHS allegedly re-arrested Petitioner and detained him without bond. (**Doc. 1**, p. 2). He remains detained under 8 U.S.C. § 1225(b)(2)(A) pending ongoing removal proceedings. (***Id.***); (**Doc. 1-2**, p. 18); (**Doc. 6**, p. 2).

On August 6, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that DHS violated his Constitutional right to due process and the APA when it revoked his conditional parole. (***Id.*** at pp. 9-10). And he argues that his continued detention without bond violates the Fifth Amendment. (***Id.***).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also* ***Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025); ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His mandatory detention pending removal proceedings does not violate his right to procedural due process. And his APA claim is misplaced.

**I. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.**

Petitioner claims that conditional parole gave him a liberty interest, which the Government may not revoke without notice or a hearing. (**Doc. 1**, p. 6). But removable aliens like Petitioner may be detained pending deportation proceedings "simply by reference to the legislative scheme." *See* ***Baynee v. Garland***, 115 F.4th 928, 932 (8th Cir. 2024). *See also* ***Department of Homeland Sec. v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that aliens who have not been admitted "[have] no entitlement to procedural rights other than those afforded by statute"). The legislative

scheme gives the Government discretion to revoke conditional parole and detain and alien "at any time." *See* **8 U.S.C. § 1226(b)**. *See also* **8 U.S.C. § 1182(d)(5)(A)** (granting DHS broad discretion to rescind humanitarian parole). The Court may not disturb those discretionary decisions. *See* **8 U.S.C. § 1226(e)**.

Petitioner claims that as a Section 1225(b)(2)(A) detainee, his initial release must have been under 8 U.S.C. § 1182, not Section 1226. (**Doc. 7**, p. 8). He says that federal regulations require additional procedural safeguards for revocation of release under Section 1182, which the Government ignored. (***Id.*** at pp. 8-9). But his evidence shows that he was released under Section 1226. (**Doc. 1-2**, p. 7). DHS may initially release an alien under Section 1226 and re-detain them under Section 1225(b)(2)(A). *See* ***Avila v. Bondi***, 170 F.4th 1128, 1137 (8th Cir. 2026) (holding that "the mere failure of [DHS]" to initially detain Petitioner under Section 1225(b)(2)(A) "is in no sense a binding administrative interpretation that the Government lacks the authority to act" (internal quotation marks omitted)). Regardless, statute governs this case, not regulation. *See* ***Thuraissigiam***, 591 U.S. at 107. And statute—whether construed under Section 1226 or Section 1182—gives DHS broad discretion to revoke release.

Petitioner cites case law discussing revocation of parole in the criminal context. *See, e.g.*, ***Morrissey v. Brewer***, 408 U.S. 471 (1972). But courts analyze immigration detention differently. *See* ***Demore v. Kim***, 538 U.S. 510, 522 (2003) ("Congress may make rules as to aliens that would be unacceptable if applied to citizens."); ***Thuraissigiam***, 591 U.S. at 138 (re-iterating that for aliens who have not "even been admitted into the country pursuant to law, the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law" (internal quotation marks omitted)). The Supreme Court held that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." ***Id.***

at 523. The Eighth Circuit agreed, holding that detention pending removal proceedings is constitutionally valid when, as here, "deportation is still on the table." *See* ***Baynee***, 115 F.4th at 933. "These cases leave no room" for the balancing test described in *Mathews v. Eldridge*, 424 U.S. 319 (1976). ***Id.*** The legislative scheme authorized Petitioner's re-detention.

Finally, Petitioner argues that even if his re-detention did not violate his right to due process, his continued detention without bond does. (**Doc. 1**, pp. 9-10). But in *Demore*, the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *See* ***Demore***, 538 U.S. at 531. The Court favorably cited Section 1226(c)'s limitation of detention pending removal proceedings. ***Id.*** at 527-29 (explaining that detention pending removal proceedings is not indefinite). And in *Baynee*, the Eighth Circuit repudiated any need for a "multi-factor 'reasonableness' test" when evaluating the length of mandatory detention pending removal proceedings. ***Baynee***, 115 F.4th at 933. That court held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" ***Id.*** at 932, *quoting* ***Demore***, 538 U.S. at 527. Like the statute in *Demore*, Section 1225(b)(2)(A) only requires detention pending removal proceedings. **8 U.S.C. § 1225(b)(2)(A)**. Petitioner concedes that his removal proceedings are pending. (**Doc. 1-2**, pp. 21-22). Because Section 1225(b)(2)(A) requires detention of removable aliens pending deportation proceedings, due process requires no more. *See* ***Baynee***, 115 F.4th at 932.

## II. Relief is not available under the APA.

The APA "provides for review of a final agency action for which there is no other adequate remedy in a court." *See* ***Union Pac. R.R. Co. v. United States R.R. Ret. Bd.***, 162 F.4th 908, 917 (8th Cir. 2025) (internal quotation marks omitted). The "no other adequate remedy" requirement ensures "that the APA's general grant of jurisdiction to review agency decisions is not duplicative

of more specific statutory procedures for judicial review." ***Bangura v. Hansen***, 434 F.3d 487, 501 (6th Cir. 2006); ***Bowen v. Massachusetts***, 487 U.S. 879, 903 (1988) ("Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."). Alien detainee claims challenging the validity of their confinement "fall within the core of the writ of habeas corpus and thus must be brought in habeas." ***Trump v. J. G. G.***, 604 U.S. 670, 672 (2025) (internal quotation marks omitted) (explaining that APA claims and habeas claims follow different litigation paths).

Even if Petitioner challenges a final agency action, this petition provides judicial review of the Government's decision to detain him without bond. *See* ***Zadvydas***, 533 U.S. at 687. So there is an "adequate remedy in court," which precludes Petitioner's APA claim. *See* ***Union Pac. R.R.***, 162 F.4th at 917. *See also* ***Dominguez v. Mordant***, 2026 WL 1098252, at *3 (M.D. Fla. Apr. 23, 2026) (prohibiting a petitioner from "[t]rying to shoehorn a freestanding APA challenge into a habeas petition"); ***Richmond v. Scibana***, 387 F.3d 602, 606 (7th Cir. 2004) (holding that a petition for habeas corpus may not be converted to a civil suit, which has many procedural differences).

**Conclusion**

Neither Petitioner's re-detention nor his continued detention without bond violate his right to procedural due process. And his APA claim is misplaced. The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: September 10, 2026